1998 ND 90

**In the Matter of the Application for DIS-CIPLINARY ACTION AGAINST Robert N. LEE, a Member of the Bar of the State of North Dakota.**

**DISCIPLINARY BOARD OF THE SUPREME COURT OF NORTH DAKOTA, Petitioner,**

v.

**Robert N. LEE, Respondent.**

No. 980075.

Supreme Court of North Dakota.

April 28, 1998.

---

**ORDER FOR DISCIPLINE**

¶ 1 On March 6, 1998, the Disciplinary Board filed its Report with the Report of the Hearing Body and Affidavit of Costs and Expenses attached. The Disciplinary Board adopted the Hearing Body Report and submitted its Report and attachments to the Supreme Court. Consistent with the recommendations of the Hearing Body, the Disciplinary Board recommends that Robert N. Lee be suspended from the practice of law for a period of six months, that he return any fees or costs paid to him and that he pay the costs and expenses of the disciplinary proceedings. The Supreme Court considered the matter under Rule 3.1(G), North Dakota Rules for Lawyer Discipline (NDRLD).

¶ 2 Robert N. Lee (Lee) was admitted to practice law in North Dakota on July 27, 1973. In October of 1993, Robbie K. Nielson hired Lee to file a bankruptcy and paid his fee and filing costs. Lee did not file the bankruptcy nor did he keep the filing costs separate from his own property.

¶ 3 In January 1996, Robbie K. Nielson met Lee at the courthouse in Langdon to sign some papers; Lee told her that he brought the wrong papers. Robbie K. Nielson tried to contact Lee numerous times by calling his office but was told that he was out.

¶ 4 Robbie K. Nielson spoke to Lee about one week before she moved from Cavalier, North Dakota to Belfield, North Dakota, on May 24, 1997. Lee told Robbie K. Nielson that the papers for her bankruptcy would be waiting at her new address, but they were not. It has been over four years since Robbie K. Nielson retained Lee to file bankruptcy but he has never filed it.

¶ 5 Lee was informed that Robbie K. Nielson filed a complaint against him with the Disciplinary Board; Lee was also advised of his obligation under Rule 3.1.D(3), NDRLD, to respond, in writing, within 20 days. Lee did not respond. On October 20, 1997, Lee was personally served with a Summons and Petition for Discipline; Lee did not file an Answer to the Petition.

¶ 6 Lee's actions violated the North Dakota Rules of Professional Conduct (NDRPC) 1.1 (a lawyer shall provide competent representation); 1.3 (a lawyer shall act with reasonable diligence and promptness); 1.4(a) (a lawyer shall make reasonable efforts to keep a client reasonably informed about the status of a matter and promptly comply with a client's request for information); 1.5(a) (a lawyer's fees shall be reasonable); 1.15(a) (a lawyer shall hold a client's property separate from his own); 8.1(b) (prohibits a lawyer from knowingly failing to respond to a lawful demand from a disciplinary authority); and Rule 1.2.A(8), NDRLD (a lawyer shall not

engage in conduct prejudicial to the administration of justice).

¶ 7 Under the North Dakota Standards for Imposing Lawyer Sanction (NDSILS), suspension is appropriate when a lawyer knows or should know that he is dealing improperly with client property and causes injury or potential injury to a client (Standard 4.12); disbarment is appropriate when a lawyer knowingly fails to perform services for a client and causes serious or potentially serious injury to a client (Standard 4.41(b)); and suspension is appropriate when a lawyer knowingly fails to perform services for a client and causes injury or potential injury to a client (Standard 4.42(a)).

¶ 8 Additionally, disbarment is appropriate when a lawyer knowingly engages in conduct that is a violation of a duty owed to the profession with the intent to obtain a benefit for the lawyer or another and causes serious or potentially serious injury to a client, the public or legal system (NDSILS Standard 7.1); suspension is appropriate when a lawyer knowingly engages in conduct that is a violation of a duty owed to the profession and causes injury or potential injury to a client, the public or legal system (NDSILS Standard 7.2); and reprimand is appropriate when a lawyer negligently engages in conduct that is a violation of a duty owed to the profession and causes injury or potential injury to a client, the public or the legal system (NDSILS Standard 7.3).

¶ 9 The following aggravating factors exist: Lee had substantial experience in the practice of law. Standard 9.22(i), NDSILS; Lee received a public reprimand for a violation of Canon 9, DR9–102(B)(4), North Dakota Code of Professional Responsibility (NDCPR) (a lawyer shall promptly deliver to the client as requested by the client the funds in the possession of the lawyer which the client is entitled to receive). Standard 9.22(a), NDSILS; and, Lee failed to submit a written response within 20 days of receipt of the complaint. Standard 9.22(e), NDSILS.

¶ 10 Lee was informed on March 9, 1998, in writing, by certified mail return receipt requested, that the Report of the Disciplinary Board had been filed in the Supreme Court. Lee was advised under Rule 3.1(G), NDRLD, that objections must be filed by March 26, 1998, and that if objections were timely received, briefs limited to those objections would be due 50 days after service of the Report.

¶ 11 Lee did not timely file objections to the Disciplinary Board Report; rather, he requested that he be allowed to file objections to the Disciplinary Board Report through the filing of a brief and oral argument. On March 26, 1998, Lee was advised that under Rule 3.1(G), NDRLD, a statement of objections is required before briefs are allowed. Lee received an extension of time to file his objections to April 3, 1998. Lee did not file objections to the Disciplinary Board Report and the matter was referred to the Supreme Court.

¶ 12 **ORDERED**, Robert N. Lee is suspended from the practice of law for a period of six months effective June 1, 1998.

¶ 13 **FURTHER ORDERED**, Robert N. Lee return to Robbie K. Nielson any fees and costs Robbie K. Nielson paid to him.

¶ 14 **FURTHER ORDERED**, Robert N. Lee pay the costs and expenses of the disciplinary proceedings in the amount of $340.00, payable to the Secretary of the Disciplinary Board.

¶ 15 **FURTHER ORDERED**, Robert N. Lee give notice to his clients and others as required in Rule 6.3, NDRLD, and that proof of such compliance be filed with the Supreme Court.

¶ 16 Dated at Bismarck, North Dakota, this 28th day of April, 1998.

¶ 17 Gerald W. Vande Walle, C.J.

Herbert L. Meschke

William A. Neumann

Dale V. Sandstrom

Mary Muehlen Maring