655 N.W.2d 906 (2003)
2003 ND 11
In the Matter of DISCIPLINARY ACTION AGAINST Robert N. LEE, a Member of the Bar of the State of North Dakota.
Disciplinary Board of the Supreme Court, Petitioner,
v.
Robert N. Lee, Respondent.
No. 20020326.
Supreme Court of North Dakota.
January 23, 2003.
PER CURIAM.
[¶ 1] Robert N. Lee was admitted to practice as an attorney and counselor at law in the courts of North Dakota on July 27, 1973, and since that time his name has appeared on the roll of attorneys.
[¶ 2] A Petition for Discipline was served on Lee on October 7, 2002. The Report of the Hearing Panel was filed November 26, 2002; objections to the Report were due December 16, 2002, and none were filed. The matter was referred to the Supreme Court under N.D.R. Lawyer Discipl. 3.1F(2). On January 15, 2003, Lee forwarded a letter to the Chief Justice regarding this matter. The letter is not timely, nor in an appropriate form, and therefore, is not being considered.
[¶ 3] On March 26, 1996, Karon Kasprowicz filed a notice of appeal in the Supreme Court; Lee was appointed to represent Kasprowicz for the appeal. On June 25, 1996, Lee notified the Supreme Court that his client wanted to discontinue the appeal. Lee was advised that a motion under N.D.R.App.P. 42 needed to be filed along with his client's consent to the dismissal. Lee did not file the required motion, and by letter dated August 26, 1996, was informed that in light of the expiration of the time for filing the appellant's brief and his letter that his client wanted to discontinue the appeal, an order dismissing the case would be entered on August 30, 1996, unless written objection was received. On August 26, 1996, Kasprowicz notified the Supreme Court that she wanted to proceed with the appeal. Nothing further was received, and the appeal was dismissed on October 9, 1996.
[¶ 4] On September 27, 1996, Lee filed a notice of appeal on behalf of Brian Penston. The transcript was due December 5, 1996, but preparation was suspended for failure to make advance payment. Nothing further was received, and no transcript *907 was filed. By letter dated April 1, 1997, Lee was notified that unless there was a showing of good cause why the matter should not be dismissed, the matter would be referred to the Court for dismissal. The appeal was dismissed on April 23, 1997.
[¶ 5] On April 6, 2001, Lee was appointed to represent Steven A. Torkelson in his appeal to the Supreme Court. Lee requested an extension for filing the appellant's brief which was granted to June 16, 2001. No brief was filed. By letter dated July 5, 2001, Lee was notified that unless there was a showing of good cause why the matter should not be dismissed, the matter would be referred to the Court for dismissal. On July 16, 2001, Torkelson submitted a document entitled "Appellant Brief-Appeal" which was forwarded to Lee with inquiry about the points raised by Torkelson. On July 26, 2001, Lee notified the Supreme Court that a Stipulation for Dismissal of the appeal would be forthcoming. By letter dated August 16, 2001, the Clerk requested Lee to file an appropriate motion under N.D.R.App.P. 42 dismissing the appeal. Nothing was received, and on October 3, 2001, the appeal was dismissed.
[¶ 6] On October 16, 2001, Lee was appointed to represent the mother in a termination of parental rights matter. On January 16, 2002, a Stipulation for Dismissal signed by Lee and the Towner County State's Attorney was filed in the Supreme Court. By letter dated January 16, 2002, Lee was informed that due to the nature of the case, the Supreme Court required the client's written consent or proof of her consent to dismiss the appeal. Nothing was received. By letter dated March 7, 2002, Lee was requested to explain the status of the appeal, and it was noted that he had not responded to the Clerk's January 16, 2001 letter. Nothing was received, and by letter dated April 1, 2002, Lee was notified that unless there was a showing of good cause why the matter should not be dismissed, the matter would be referred to the Court for dismissal. Nothing further was received, and on April 17, 2002, the appeal was dismissed.
[¶ 7] By letter dated June 13, 2002, Lee was notified that a complaint had been filed against him, and was informed of his obligation under N.D.R. Lawyer Discipl. 3.1D(3) to forward a written response to the complaint to the assigned investigator. Lee did not respond to the complaint.
[¶ 8] Lee's conduct violated N.D.R. Prof. Conduct 1.3, Diligence, 1.4, Communication, 3.2, Expediting Litigation, 8.4(e), Misconduct, 8.1, Bar Admission and Disciplinary Matters, and N.D.R. Lawyer Discipl. 1.2A(8), which provides that a lawyer shall not willfully fail to respond to a lawful demand for information from a disciplinary authority.
[¶ 9] Under N.D. Stds. Imposing Lawyer Sanctions 9.22(a), prior disciplinary offenses may be considered an aggravating condition. Lee has previously been suspended from the practice of law. Disciplinary Board v. Lee, 1998 N.D. 90, 578 N.W.2d 89. Lee also received a public reprimand for violation of DR 9-102(B)(4), North Dakota Code of Professional Responsibility, which provided that a lawyer shall promptly pay or deliver to the client funds in the possession of the lawyer which the client is entitled to receive. Other aggravating factors under N.D. Stds. Imposing Lawyer Sanctions are 9.22(i), substantial experience in the practice of law, and 9.22(e), intentionally failing to comply with rules or orders of the disciplinary agency.
[¶ 10] ORDERED, the Report of the Hearing Panel is adopted, and Robert N. Lee is SUSPENDED from the practice of law for one year, effective February 17, 2003.
*908 [¶ 11] FURTHER ORDERED, Robert N. Lee pay the costs and expenses of the disciplinary proceedings in the amount of $672.20.
[¶ 12] FURTHER ORDERED, Robert N. Lee comply with N.D.R. Lawyer Discipl. 6.3F.
[¶ 13] GERALD W. VANDE WALLE, C.J., CAROL RONNING KAPSNER, MARY MUEHLEN MARING, WILLIAM A. NEUMANN, and DALE V. SANDSTROM, JJ., concur.